STATE OF MAINE *vs.* JOHN F. DOWDELL, Appellant.

Knox.    Opinion March 11, 1904.

*Intox. Liquors.*    Search and Seizure.    Futile Amendment of R. S. 1883, c. 27, § 38.
*Stat. 1903, c. 170, § 1.    R. S. 1903, c. 29, § 47.    Constitution of
Maine, Art. XXVI.*

A search and seizure process could be maintained under R. S., c. 27, §§ 33 and 40, in August, 1903, although sect. 38 of the statute had been repealed in part at that time.

Section 38 of c. 27, R. S. 1883, prohibiting the unlawful keeping of intoxicating liquors, was repealed or nullified by the futile attempt to amend it as appearing in sect. 1 of chap. 170 of the laws of 1903; and although this error was corrected in the general revision of the statutes, § 47, c. 29, R. S. 1903, a search and seizure process commenced in August, 1903, was not affected by the provision of a statute subsequently enacted. But, inasmuch as the original prohibition in section 33 still existed, that "no person shall at any time sell any intoxicating liquor," *it is held;* that section 40 upon which the search and seizure process was founded affords in itself a complete basis for the prosecution. It describes the offense and specifies the penalty.

*Also;* that if any more direct and explicit prohibition of the unlawful keeping of intoxicating liquors can possibly be required than is contained in section 40, it is found in Art. XXVI of the Constitution of the State which declares that the "sale and keeping of intoxicating liquors are and shall be forever prohibited."

Exceptions by defendant.    Overruled.

Search and seizure process against intoxicating liquors under R. S. (1883), c. 27, alleged to be in the defendant's possession with intent to sell them unlawfully.

The defendant demurred to the complaint and warrant on the ground that no such offense existed by the statute, by reason of the repeal of section 38. His demurrer was overruled and the case brought to the law court on his exceptions.

*Philip Howard,* County Attorney, for State.

*M. A. Johnson,* for defendant.

If then, there is no other section of statute that prohibits the keeping of liquor, which sect. 38 originally covered, if sect. 38 does not now cover, there can be no illegal keeping, and no crime for keeping regardless of the purpose for which the liquor is kept, and sect. 40 can hardly supply the defect.

If the legislature has not used words sufficiently comprehensive to include within its prohibition all the cases which fall within the mischief intended to be prevented, it is not competent to a court to .extend them; nor to extend the grammatical and natural meaning of the terms as used by the legislature, even on a plea of a resulting failure of justice. Lord Tenterden in *Proctor* v. *Manwaring,* 3 B. & A. 145.

The rule of strict construction in penal statutes, requires that where an act contains such an ambiguity as to leave reasonable doubt of its meaning, it is the duty of the court not to inflict the penalty. *Com.* v. *St. Oil Co.,* 101 Pa. St. 119–150; *Freight Discrimination Cases, (Hines* v. *R. R. Co.),* 95 N. C. 434, 59 Am. Rep. 250.

Where a statute admits of two constructions, that which operates in favor of life or liberty is to be preferred. *Com.* v. *Martin,* 17 Mass. 359; *Com.* v. *Keniston,* 5 Pick. 420.

The intent of the legislature must be ascertained. When sect. 40 was enacted, sects. 38 and 39 were also enacted. Now if sect. 38 is covered by sect. 40, then sect. 38 never was needed. Sect. 38 was intended by the legislature to fix the crime, and sect. 40 the method of procedure to enforce it.

If during the hurry of the legislature, or for any reason, the crime was eliminated from sect. 38, the court should give a different interpretation to sect. 40 than it formerly received, in order to cover the defects of legislation against the respondent.

The legislature, in its September session, restored sect. 38 to its former reading, which would seem to show that it was their judgment that sect. 38 alone fixed the crime, and that they had taken away the crime in their winter session.

SITTING: . WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. This is a search and seizure process instituted August 21, 1903. It is based on section 40 of chapter 27, R. S. 1883. The case comes to this court on exceptions to the overruling of the defendant's demurrer to the complaint and warrant. It is claimed in behalf of the defense that the last legislature nullified section 38 of that chapter by a futile attempt to amend it, and that section 40, unaided by section 38, is not sufficient in itself to lay the foundation for this prosecution.

Section 38 declared that "no person shall deposit or have in his possession intoxicating liquors with intent to sell the same in the state in violation of law, or with intent that the same shall be so sold by any person, or to aid or assist any person in such sale."

As amended by the legislature of 1903 (c. 170, § 1) that section was made to read as follows: "Whoever shall deposit or have in his possession intoxicating liquors with intent to sell the same in the state in violation of law, or with intent that the same shall be sold by any person, or to aid or assist any person in such sale. Whoever violates this section shall be fined one hundred dollars and costs or be imprisoned 60 days." Thus the obvious purpose to make the fact of possession with intent to sell in violation of law a substantive offense and to fix the penalty therefor, was defeated by errors and omissions in revising or engrossing. These errors were corrected in the general revision of the statutes adopted at the September session, 1903 (§ 47, c. 29, R. S. 1903); but the offense imputed to the defendant in the case at bar was committed and the prosecution commenced in August, 1903, and it is obvious that this proceeding cannot be affected by the provisions of the statute subsequently enacted.

It is accordingly contended that after the accidental repeal of section 38, the statutes nowhere contained any express prohibition of the unlawful keeping of intoxicating liquors, and that section 40 cannot be deemed sufficient in itself to create any offense.

But the original prohibition in section 33 still existed, that "no person shall at any time . . . sell any intoxicating liquors."

Section 40 upon which the process in question is based contains

the following provisions: "If any person . . . makes sworn complaint before any judge . . . that he believes that intoxicating liquors are unlawfully kept or deposited in any place in the state by any person, and that the same are intended for sale within the state in violation of law, such magistrate shall issue his warrant commanding the officer to seize the same. . . .

"If upon trial the court is of opinion that the liquor was so as aforesaid kept and intended for unlawful sale by the person named in said complaint . . . he shall be found guilty thereof and sentenced to pay a fine of $100 and costs and in addition thereto be imprisoned sixty days."

By section 33 the sale of intoxicating liquor is absolutely prohibited. Section 40 sufficiently declares that such liquors are "unlawfully kept" when they are intended for sale in the state in violation of law; and if a person is found guilty of keeping such liquors for unlawful sale, he shall suffer the penalty there provided. It describes the offense and specifies the penalty. It seems to afford in itself a complete basis for the prosecution in this case. It is not questioned that the complaint contains the requisite allegations.

But if any more direct and explicit prohibition of the unlawful keeping of intoxicating liquors can possibly be required than is contained in this section of the statute in question, it is found in Article XXVI of the Constitution of the State, which declares that the "sale and keeping for sale of intoxicating liquors are and shall be forever prohibited."

        *Exceptions overruled.    Judgment for the State.*